|   |   |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| RODOLFO R. MIRAMONTES, | ) |   |
|---|---|---|
|                 Plaintiff(s), | ) | No. C 08-5639 CRB (PR) |
| vs. | ) | ORDER OF DISMISSAL WITH |
| HERBE DEL CRUZ, et al., | ) | LEAVE TO AMEND |
|                 Defendant(s). | ) | (Doc #3) |

Plaintiff, a pretrial detainee at the Santa Clara County Jail, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 alleging that his due process rights were violated because (1) he was improperly classified for placement in protective custody without notice or an opportunity to be heard, and (2) jail officials improperly handled his administrative grievances.

Plaintiff also seeks an order compelling jail officials to provide him with "pro-per legal suppl[ies]."

**DISCUSSION**

A.   <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable

claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b).  Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.     Legal Claims

A court presented with a procedural due process claim by a pretrial detainee should first ask if the alleged deprivation amounts to punishment and therefore implicates the Due Process Clause itself; if so, the court then must determine what process is due.  See, e.g., Bell v. Wolfish, 441 U.S. 520, 537-38 (1979) (discussing tests traditionally applied to determine whether governmental acts are punitive in nature).  Disciplinary segregation as punishment for violation of jail rules and regulations, for example, cannot be imposed without due process, i.e., without the procedural requirements of Wolff v. McDonnell, 418 U.S. 539 (1974).  See Mitchell v. Dupnik, 75 F.3d 517, 523-26 (9th Cir. 1996).

But, where as here, the alleged deprivation does not amount to punishment but does implicate an interest arising from a state statute or regulation that involves prison management, as is the case with classification, the court must apply Sandin v. Conner, 515 U.S. 474 (1995), to determine whether (1) the applicable state statute or regulation narrowly restricts the power of jail officials to impose the deprivation and (2) the deprivation is one of "real substance."  See Mitchell, 75 F.3d at 523 (applying Sandin to pretrial detainee procedural due

process claim where state law at issue involved cell searches). Only if the answer is yes to both prongs of this inquiry does the state statutory provision create a liberty interest entitling the detainee to procedural due process.

In order to state a claim for denial of due process in connection with his classification for placement in protective custody, plaintiff must establish that a state law or regulation narrowly restricts the power of jail officials to place him in protective custody for administrative reasons and that his placement in protective custody is a deprivation of real substance. Plaintiff must allege specific facts showing that his placement in protective custody imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484. Plaintiff will be afforded an opportunity to do so.

Plaintiff's allegations that jail officials improperly handled his administrative grievances fail to state a claim under § 1983 and will be dismissed without leave to amend, however. It is well-established that there is no constitutional right to a prison administrative appeal or grievance system, see Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988), and that a state's creation of a prison administrative appeal or grievance system does not implicate a liberty interest protected by the Due Process Clause, see Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (same).

C.   Motion for Pro-Per Legal Supplies

Plaintiff's motion (doc # 3) for an order compelling jail officials to provide him with pro-per legal supplies is granted in part. Jail officials are requested to provide plaintiff with reasonable access to legal supplies and materials so that he may comply with the court's orders.

/

## CONCLUSION

For the foregoing reasons, the complaint is dismissed with leave to amend as to plaintiff's classification claim, as indicated above, within 30 days of this order. The pleading must be simple and concise and must include the caption and civil case number used in this order and the words FIRST AMENDED COMPLAINT on the first page. Failure to file a proper amended complaint within the designated time will result in the dismissal of this action.

Plaintiff is advised that the amended complaint will supersede the original complaint and all other pleadings. Claims and defendants not included in the amended complaint will not be considered by the court. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

Plaintiff's

SO ORDERED.

DATED: March 23, 2009

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.08\Miramontes, R1.dwlta.wpd

4