IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RODOLFO R. MIRAMONTES, | ) | |
| Plaintiff(s), | ) | No. C 08-5639 CRB (PR) |
| v. | ) | ORDER OF SERVICE |
| HERBE DEL CRUZ, et al., | ) | (Docket # 13) |
| Defendant(s). | ) | |

  Plaintiff, a pretrial detainee at the Santa Clara County Jail, has filed a pro se complaint under 42 U.S.C. § 1983 alleging unlawful placement in protective custody. In his First Amended Complaint ("FAC"), plaintiff specifically alleges that his due process rights were violated because he was improperly classified and placed in protective custody without notice or an opportunity to be heard, and without any evidence to support the classification and placement. Plaintiff further alleges that the humiliation of being placed in protective custody with child molesters and the like amounts to cruel and unusual punishment.

  Plaintiff also seeks an order compelling jail officials to provide him with "pro-per legal suppl[ies]."

**DISCUSSION**

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Legal Claims

A court presented with a procedural due process claim by a pretrial detainee should first ask if the alleged deprivation amounts to punishment and therefore implicates the Due Process Clause itself; if so, the court then must determine what process is due. See, e.g., Bell v. Wolfish, 441 U.S. 520, 537-38 (1979) (discussing tests traditionally applied to determine whether governmental acts are punitive in nature). Disciplinary segregation as punishment for violation of jail rules and regulations, for example, cannot be imposed without due process, i.e., without the procedural requirements of Wolff v. McDonnell, 418 U.S. 539 (1974). See Mitchell v. Dupnik, 75 F.3d 517, 523-26 (9th Cir. 1996).

/

But if the alleged deprivation does not amount to punishment but does implicate an interest arising from a state statute or regulation that involves prison management, as is the case with classification, the court must apply Sandin v. Conner, 515 U.S. 474 (1995), to determine whether (1) the applicable state statute or regulation narrowly restricts the power of jail officials to impose the deprivation and (2) the deprivation is one of "real substance." See Mitchell, 75 F.3d at 523 (applying Sandin to pretrial detainee procedural due process claim where state law at issue involved cell searches).

Liberally construed, plaintiff's allegations that his misclassification and placement in protective custody lacks any evidentiary support and has deprived him of access to numerous jail programs appears to state a colorable § 1983 claim for denial of due process and will be served on the named defendants. Cf. Sandin, 515 U.S. at 484 (misclassification and placement in protective custody is deprivation of real substance if it imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"). But plaintiff's allegations of cruel and unusual punishment are dismissed because it is well-established that misclassification does not inflict pain sufficient to constitute cruel and unusual punishment. See Hoptowit v. Ray, 682 F.2d 1237, 1255-56 (9th Cir. 1982).

C. Motion for Pro-Per Legal Supplies

Plaintiff's motion (docket # 13) for an order compelling jail officials to provide him with pro-per legal supplies is granted in part. Jail officials are requested to provide plaintiff with reasonable access to legal supplies and materials so that he may comply with the court's orders.

## CONCLUSION

For the foregoing reasons and for good cause shown,

3

1. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the FAC in this matter, all attachments thereto, and copies of this order on the following defendants at the Santa Clara County Jail: Officer Herbe Del Cruz, Officer Jim Kirkland, Sgt. Coros, Lt. M. Connor and Chief E. Flores. The clerk also shall serve a copy of this order on plaintiff.

2. In order to expedite the resolution of this case, the court orders as follows:

   a. No later than 90 days from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion. A motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the court prior to the date their motion is due. All papers filed with the court shall be served promptly on plaintiff.

   b. Plaintiff's opposition to the dispositive motion shall be filed with the court and served upon defendants no later than 30 days after defendants serve plaintiff with the motion.

   c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary

judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App A).

Plaintiff is also advised that a motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

        d.     Defendants shall file a reply brief within 15 days of the date on which plaintiff serves them with the opposition.

        e.     The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

3.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

4.     All communications by plaintiff with the court must be served on

defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

   5. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATED: Oct. 30, 2009

           CHARLES R. BREYER
           United States District Judge